### Arrigo v. United States Fidelity and Guaranty Company.

*Form of action — Variance — Writ in assumpsit — Statement disclosing cause of action in trespass.*

If one takes possession of a chattel (a steam roller) and uses it, under a claim of right to make use of it for a special purpose (the completion of a contract for the building of a road), and returns it to the owner after the accomplishment of that purpose, *assumpsit* by the owner for compensation for its detention and use will not lie; but if the facts averred in the statement of claim exhibit a *prima facie* right to recover for such detention and use in the statutory action of trespass, and the statement is such in form and averments that it would have been a good declaration had the writ been in that form of action, the fact that the writ was sued out in *assaumpsit* will not interfere with sustaining the statement of claim, though the question be raised by demurrer before trial and before the case is at issue.

Statutory demurrer. C. P. Washington Co., Feb. T., 1923, No. 3.

*D. M. McCloskey,* for plaintiff; *R. H. Meloy,* for defendant.

BROWNSON, P. J., Aug. 27, 1923.—The defendant was the surety of contractors for the construction of an improved county road. The contract provided that on default of the contractors the county commissioners might take possession of the road and complete the work, and might make use for that purpose of any machinery belonging to the contractors. The commissioners, having declared the contractors in default, placed the defendant, their surety, in charge of the completion of the work, and the defendant, by authority of the commissioners, took possession of and used certain machinery which they found along or adjacent to the road. Before the commissioners took the action above mentioned, machinery of the contractors had been sold on execution by a constable, under which constable's sale the contractors' title to certain items thereof became vested in R. C. Mounster, and their title to the steam roller involved in the present case ultimately became vested in Arrigo, the plaintiff.

On Dec. 26, 1918, Mounster brought an action of trespass against the present defendant to recover the value of his machinery, upon the ground

4 D. & C.

that the defendant had tortiously taken and converted the same to its own use, and permanently deprived the plaintiff thereof. Upon the trial of that action, it appeared by undisputed evidence that the defendant had taken possession of that machinery, not for the purpose of permanently appropriating the same, but solely for the purpose of using it to finish the construction of the road, and that it had done this under color of right, based upon the contract above mentioned, and with the assent of the custodian in whose care the contractor had left the machinery, and in whose care it still was, and who in effect delivered possession to the defendant, the latter being without any knowledge of the fact that it had previously been sold at constable's sale. It also appeared as an undisputed fact that Mounster had given the defendant a notice that he would hold it liable for a rental for the use of the machinery, which notice was in such a form as, in the opinion of the court, amounted to an implied consent that the machinery might be used to finish the road, subject to his claim for compensation for such use, and at the time the action was brought the defendant was still using it. Upon these undisputed facts, the court affirmed a point asking for binding instructions for the defendant, holding that Mounster was not, at the date when he brought his action, invested with the right to recover the value of the property, and that his remedy was to recover in a different kind of action compensation for the use made of it by the defendant.

Mounster then brought an action to recover such compensation, the writ being issued in *assumpsit*. On the trial of that action, the defendant asked the court to charge that an action of *assumpsit* would not lie, there being no express or implied contract between the parties. The court instructed the jury in substance that even if what took place between the parties did not, in view of the defendant's having taken possession of the machinery under a claim of the right to use it, give rise to any implied contract between plaintiff and defendant, still the plaintiff would be entitled to recover, in an action of trespass on the case, compensation for his deprivation of its use and the use made of it by the defendant down to the time when the latter returned it to him, and that the form and averments of the statement of claim were such as to make it a perfectly good declaration in trespass on the case; and the court permitted the jury to render a verdict for the plaintiff, saying that, the case having gone to trial upon that statement of claim, the form of the original writ was immaterial.

Subsequently the present action was brought by Arrigo to recover compensation for the use of his steam roller by the defendant from April 1, 1919, to Nov. 25, 1919, it apparently having been returned to him on the latter date. He followed the example of Mounster in suing out his writ in *assumpsit*. His statement of claim sets out facts summarized as follows:

The roller in question was originally owned by Hastings & Piper, the contractors for the construction of the road previously referred to in this opinion. A short time before Nov. 30, 1918, their title thereto was sold upon an execution to R. H. Rush, from whom on the day named plaintiff purchased it, both Rush and plaintiff buying in good faith and without notice of any adverse claim. Plaintiff left it where it was, near said road, until the condition of the highways would be such as to permit its easy removal. In April, 1919, he found that the defendant was in possession of and was using it for the completion of the road, in the construction of which Hastings & Piper had defaulted, and defendant claimed the right so to use it under the provision of the contract for the construction of said road. He "made prompt demand in writing to the defendant at Baltimore, Maryland, for the return of the

roller, or reasonable compensation for its use." (What, if any, reply was made to this written communication is not stated.) Defendant failed to return the roller, and kept and used it until the completion of the road, thereby depriving plaintiff of its use until Nov. 25, 1919, and has not paid any compensation therefor.

The defendant has filed a statutory demurrer to this statement, the question raised thereby being, as stated in its brief: "Will *assumpsit* lie for use of chattels held under claim of right after the chattels have been returned?" The position taken is that the facts averred in the statement do not exhibit any contractual relation between the plaintiff and defendant, and the action of *assumpsit* must be based upon some contract, express or implied. The counsel has cited authorities (although this was not necessary) to show that *assumpsit* will not lie unless there be either an express contract or facts from which the law will imply a contract, and that damages for the mere tortious detention of a chattel (not money nor its equivalent) cannot be recovered in this form of action.

As it does not appear that the defendant, when plaintiff demanded either the return of the roller or compensation for its use, made any reply to this demand which, by construction or implication, would create any contractual obligation to pay for the use of the roller, and as, on the other hand, it appears that the defendant was claiming a right paramount to the plaintiff to hold and use the roller, we are of opinion that the action of *assumpsit* will not lie on the facts set out in the statement of claim.

But we are also of opinion that the facts averred exhibit a *prima facie* right to recover, for the detention and use of this chattel, in an action of trepass or trespass on the case, now consolidated in the statutory action of trespass, and this would be a good declaration or statement, had the writ been in that form of action. Nor does the statement purport to be based upon, or to state anything implying, any promise to or agreement with the plaintiff; in other words, it is not a declaration in *assumpsit*. Does the fact that the writ is in *assumpsit* interfere with sustaining the statement of claim, the question being raised before trial and before the case is at issue? In Sipe *v.* Railroad Co., 219 Pa. 210, the Supreme Court held that a variance between the writ and the statement of claim, in that the former was in *assumpsit* and the latter declared in trespass, could not be taken advantage of by demurrer. And as Justice Potter states in that case that there cannot be, under our practice, oyer of the writ, it follows that the old English practice of craving oyer and then pleading the variance in abatement cannot be resorted to. Whether, under a practice similar to that mentioned in section 269 of Chitty on Pleading, as quoted by Justice Potter on page 214 of the report, there could now in Pennsylvania be a motion to strike off the statement on this ground does not appear to have been ruled, but, if so, the error would be curable by an amendment: Act of May 10, 1871, P. L. 265; Boyle *v.* Dunn, 2 W. N. C. 362.

It follows from what we have said that judgment should not be entered for the defendant upon this statutory demurrer.

And now, Aug. 27, 1923, after argument and due consideration, the court decides the question raised by this statutory demurrer, viz., whether, upon the facts set out in the statement of claim, an action of *assumpsit* will lie, in favor of the defendant, but being of opinion that the statement of claim exhibits a *prima facie* good cause of action in the statutory action of trespass, the court refuses to enter judgment upon the statutory demurrer for the defendant.

From E. E. Crumrine, Washington, Pa.